AO 241 (Rev. 09/17)

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: SOUTHERN MARYLAND |
|---|---|

| Name (under which you were convicted): JUAN DIAZ | Docket or Case No.: |
|---|---|

| Place of Confinement : NORTH BRANCH CORRECTIONAL INSTITUTION, 14100 McMullen Highway, SW, Cumberland, MD 21502 | Prisoner No.: DOC ID 368115 |
|---|---|

| Petitioner (include the name under which you were convicted) JUAN DIAZ | v. | Respondent (authorized person having custody of petitioner) FRANK BISHOP, WARDEN |
|---|---|---|

| The Attorney General of the State of: Maryland, Brian Frosh, 200 St. Paul Place, Baltimore, MD 21202 |
|---|

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Circuit Court for Montgomery County

   50 Maryland Ave.

   Rockville, MD 20850

   (b) Criminal docket or case number (if you know):   116259C

2. (a) Date of the judgment of conviction (if you know):   02/17/2011

   (b) Date of sentencing:   03/18/2011

3. Length of sentence:   90 years

4. In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   CHILD ABUSE, four counts of THIRD DEGREE SEXUAL OFFENSE,

   two counts of ATTEMPTED SECOND DEGREE SEXUAL OFFENSE,

   SECOND DEGREE RAPE, and SECOND DEGREE SEXUAL OFFENSE

6. (a) What was your plea? (Check one)

   ☑ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

   ☐ (2)   Guilty             ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   N/A

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☑ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes   ☑ No

8.   Did you appeal from the judgment of conviction?

    ☑ Yes   ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:   COURT OF APECIAL APPEALS OF MARYLAND

(b) Docket or case number (if you know):   No. 58, September Term, 2011

(c) Result:   JUDGMENT AFFIRMED

(d) Date of result (if you know):   12/07/2012

(e) Citation to the case (if you know):   Unpublished

(f) Grounds raised:

1. Whether the trial court committed plain error by allowing the State to introduce the testimony of seven witnesses concerning the victim's prior consistent statements;

2. Whether the trial court committed plain error by admitting evidence of "other crimes" committed by Petitioner; and

3. whether the trial court erred in denying appellant's motion to dismiss because he was denied his constitutional right to a speedy trial.

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court:   COURT OF APPEALS OF MARYLAND

(2) Docket or case number (if you know):   UNKNOWN

(3) Result:   PETITION FOR WRIT OF CERTIORARI DENIED

AO 241 (Rev. 09/17)

(4) Date of result (if you know): 04/02/2013

(5) Citation to the case (if you know): _____

(6) Grounds raised: 1. Whether the trial court committed plain error by allowing the

State to introduce the testimony of seven witnesses concerning the victim's prior consistent

statements, and by admitting evidence of "other crimes" committed by Petitioner, and

whether Petitioner was denied a speedy trial.

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

(2) Docket or case number (if you know): 116259C

(3) Date of filing (if you know): 04/20/2016

(4) Nature of the proceeding: PETITION FOR POST CONVICTION RELIEF

(5) Grounds raised: Ineffective counsel and prosecutorial misconduct, namely, trial counsel's

failure to to move to suppress transcripts of an illegal bodywire; failure to move for a

severance from a codefendant; failure to object to the admission of that codefendant's

inculpatory statements; failure to object to other crimes evidence; failure to object to the

prosecutor's leading questions on direct examination; failure to object to the admission

of prior consistent statements from the complaining witness; failure to introduce into

evidence the alleged victim's recantation letter; failure to effectively cross-examine the

complaining witness; failure to object to evidence of incarceration; failure to advise

petitioner of his right to testify;   and failure to call petitioner as a witness.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes   ☐ No

(7) Result: PETITION FOR POST CONCTION RELIEF DENIED

AO 241 (Rev. 09/17)

      (8) Date of result (if you know):    09/22/2017

(b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court:    COURT OF SPECIAL APPEALS OF MARYLAND

      (2) Docket or case number (if you know):    No. 1781, September Term, 2017

      (3) Date of filing (if you know):    10/23/2017

      (4) Nature of the proceeding:    APPLICATION FOR LEAVE TO APPEAL

      (5) Grounds raised:  The failure of the postconviction court to grant relief, despite trial counsel's

      failure to to move to suppress the transcripts of an illegal bodywire; failure to move for a

      severance from a codefendant;  failure to object to the admission of that codefendant's

      inculpatory statements;  failure to object to other crimes evidence; failure to object to the

      prosecutor's leading questions on direct examination; failure to object to the admission

      of prior consistent statements from the complaining witness; failure to object to evidence of

      incarceration; failure to advise petitioner of his right to testify; and failure to call petitioner

      as a witness; and despite prosecutor's burden-shifting comments during closing argument.

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ❑ Yes  ☑ No

      (7) Result:  APPLICATION FOR LEAVE TO APPEAL DENIED

      (8) Date of result (if you know):  04/03/2018

(c) If you filed any third petition, application, or motion, give the same information:

      (1) Name of court:    COURT OF APPEALS OF MARYLAND

      (2) Docket or case number (if you know):    No. 109, September Term, 2018

      (3) Date of filing (if you know):    05/03/2018

      (4) Nature of the proceeding:    PETITION FOR WRIT OF CERTIORARI

      (5) Grounds raised:  The failure of the postconviction court to grant relief, despite trial counsel's

      failure to to move to suppress the transcripts of an illegal bodywire; failure to move for a

      severance from a codefendant;  failure to object to the admission of that codefendant's

      inculpatory statements; failure to advise the petitioner of his right to testify; failure to

      call petitioner as a witness; and failure to object to other crimes evidence;

      and despite prosecutor's burden-shifting comments during closing argument.

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:   PETITION FOR WRIT OF CERTIORARI DENIED

(8) Date of result (if you know):   07/31/2018

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:   ☑ Yes   ☐ No

(2) Second petition:   ☑ Yes   ☐ No

(3) Third petition:   ☑ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   The petitioner received ineffective assistance of trial counsel, who failed to move for a

severance from a codefendant, and then failed to object to the admission of that codefendant's confessions.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner's trial counsel failed to move for severance of his trial from that of a codefendant, who had admitted

that she had conspired with the complaining witness to obstruct justice to exonerate the petitioner.

Petitioner's counsel then failed to object to the admission of inculpatory statements by that codefendant,

introduced through the complaining witness, who testified that the codefendant promised to protect her from

the petitioner, who had abused her.

_____

(b) If you did not exhaust your state remedies on Ground One, explain why:   _____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐   Yes   ☑   No

(2) If you did not raise this issue in your direct appeal, explain why:   Trial counsel failed to preserve issue

at trial. Issue was first raised on postconviction proceeding.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑   Yes   ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   PETITION FOR POSTCONVICTION RELIEF

Name and location of the court where the motion or petition was filed:   CIRCUIT COURT FOR

MONTGOMERY COUNTY, 50 Maryland Ave., Rockville, MD 20850

Docket or case number (if you know):   116259C

Date of the court's decision:   09/22/2017

Result (attach a copy of the court's opinion or order, if available):   PETITION FOR POSTCONVICTION

RELIEF DENIED

(3) Did you receive a hearing on your motion or petition?   ☑   Yes   ☐   No

(4) Did you appeal from the denial of your motion or petition?   ☑   Yes   ☐   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑   Yes   ☐   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   COURT OF SPECIAL APPEALS

361 Rowe Blvd., Annapolis, MD 20401

Docket or case number (if you know):   No. 1781, Sept. Term, 2017

Date of the court's decision:   04/03/2018

Result (attach a copy of the court's opinion or order, if available):   APPLICATION FOR LEAVE TO APPEAL

DENIED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:   PETITION FOR WRIT OF CERTIORARI, FILED 05/03/2018

IN THE COURT OF APPEALS, DOCKET NO. No. 109, September Term, 2018. PETITION DENIED 07/13/2018.

**GROUND TWO:**         Petitioner received ineffective assistance of trial counsel, who failed to advise him

of his right to testify and failed to call him as a witness, desite his willingness to testify.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was willing to testify that he did not commit the criminal acts with which he was charged.

Petitioner had no prior criminal record that could have been used to impeach his testimony.

Petitoner had not made any statements to police before trial.

At his postconviction hearing, petitioner testified that he was willing to testify at his trial,

but that his trial counsel only told him to "shut up."   Trial counsel did not call the Petitioner to the

witness stand.  Petitioner never testified at his trial, despite his desire to do so.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

         (1) If you appealed from the judgment of conviction, did you raise this issue?      ☐  Yes    ☑  No

         (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:   Trial counsel failed to preserve issue

          at trial.  Issue was first raised on postconviction petition.

(d)      **Post-Conviction Proceedings:**

         (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

              ☑  Yes    ☐  No

         (2) If your answer to Question (d)(1) is "Yes," state:

         Type of motion or petition:   PETITION FOR POSTCONVICTION RELIEF

         Name and location of the court where the motion or petition was filed:   CIRCUIT COURT

          FOR MONTGOMERY COUNTY, 50 Maryland Ave., Rockville, MD 20850

         Docket or case number (if you know):   116259C

AO 241 (Rev. 09/17)

Date of the court's decision:     09/22/2017

Result (attach a copy of the court's opinion or order, if available):     POSTCONVICTION PETITION

DENIED

(3) Did you receive a hearing on your motion or petition?        ☑ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?        ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?        ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:     COURT OF SPECIAL APPEALS

361 Rowe Blvd., Annapolis, MD 21401

Docket or case number (if you know):     No. 1781, Sept. Term, 2017

Date of the court's decision:     04/03/2018

Result (attach a copy of the court's opinion or order, if available):     APPLICATION FOR LEAVE

TO APPEAL DENIED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :     PETITION FOR WRIT OF CERTIORARI, FILED

05/03/2018, IN THE COURT OF APPEALS, DOCKET NO. No. 109, September Term, 2018.

PETITION DENIED 07/13/2018.

**GROUND THREE:**        Petitioner received ineffective assistance of trial counsel, who failed to object to

other crimes evidence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At trial, trial counsel failed to object when the complaining witness testified  about other crimes allegedly

committed by the defendant, including  uncharged  physical abuse of the complaining witness, and  abuse

sustained by her brother,  as well  as  child abuse crimes committed by the defendant's wife and co-defendant.

Petitioner's trial counsel entered into a  stipulation that the codefendant had been found in contempt of court.

In closing argument, the Respondent emphasized the other crimes evidence of physical abuse.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☑ Yes        ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes      ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    PETITION FOR POSTCONVICTION RELIEF

Name and location of the court where the motion or petition was filed:  CIRCUIT COURT FOR

MONTGOMERY COUNTY, 50 Maryland Ave., Rockville, MD 20850

Docket or case number (if you know):    116259C

Date of the court's decision:    09/22/2017

Result (attach a copy of the court's opinion or order, if available):    POSTCONVICTION PETITION DENIED

_____

_____

(3) Did you receive a hearing on your motion or petition?        ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?        ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    COURT OF SPECIAL APPEALS

361 Rowe Blvd., Annapolis, MD 21401

Docket or case number (if you know):    No. 1781, Sept. Term, 2017

Date of the court's decision:    04/03/2018

Result (attach a copy of the court's opinion or order, if available):    APPLICATION FOR LEAVE TO FILE

APPEAL DENIED

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:   PETITION FOR WRIT OF CERTIORARI, FILED

05/03/2018, IN THE COURT OF APPEALS, DOCKET NO. No. 109, September Term, 2018.

PETITION DENIED 07/13/2018.

**GROUND FOUR:**   Petitioner received ineffective assistance of trial counsel, who failed to introduce into

evidence the  recantation letter from the alleged victim.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was charged twice. His first charges were dropped after the alleged victim wrote a recantation letter.

At trial, on the second indictment, Petitioner's counsel failed to instroduce into evidence that recantation letter

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why:   _____

_____

_____

_____

_____

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes      ☑  No

(2) If you did not raise this issue in your direct appeal, explain why:   Raised issue on postconviction.

_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   PETITION FOR POSTCONVICTION RELIEF

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:   CIRCUIT COURT

FOR MONTGOMERY COUNTY, 50 Maryland Ave., Rockville, MD 20850

Docket or case number (if you know):   116259C

Date of the court's decision:   09/22/2017

Result (attach a copy of the court's opinion or order, if available):   POSTCONVICTION PETITION DENIED


(3) Did you receive a hearing on your motion or petition?                                    ☑ Yes        ☐ No

(4) Did you appeal from the denial of your motion or petition?                          ☑ Yes        ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   COURT OF SPECIAL APPEALS

361 Rowe Blvd., Annapolis, MD 21401.

Docket or case number (if you know):   No. 1781, Sept. Term, 2017

Date of the court's decision:   04/03/2018

Result (attach a copy of the court's opinion or order, if available):   APPLICATION FOR LEAVE TO APPEAL

DENIED.


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:


(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:   PETITION FOR WRIT OF CERTIORARI, FILED

05/03/2018, IN THE COURT OF APPEALS, DOCKET NO. No. 109, September Term, 2018.

PETITION DENIED 07/13/2018.

AO 241 (Rev. 09/17)

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?     ☑ Yes        ☐  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _____

_____

_____

_____

(b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

NO. _____

_____

_____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?        ☐  Yes      ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?        ☐  Yes      ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised. _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:    Victor DelPino

110 N. Washington St. , Suite 408, Rockville, MD 20850

(b) At arraignment and plea:    Victor DelPino

110 N. Washington St. , Suite 408, Rockville, MD 20850

(c) At trial:    Victor DelPino

110 N. Washington St. , Suite 408, Rockville, MD 20850

(d) At sentencing:    Victor DelPino

110 N. Washington St. , Suite 408, Rockville, MD 20850

(e) On appeal:    Office of the Public Defender

6 St. Paul St., Baltimore, Md 21202

(f) In any post-conviction proceeding:    GEORGE HARPER, 14744 Main Street, Upper Marlboro, MD

20772

(g) On appeal from any ruling against you in a post-conviction proceeding:    GEORGE HARPER

14744 Main Street, Upper Marlboro, MD 20772

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐  Yes      ☑  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐  Yes      ☐  No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 09/17)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with
        respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
        under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   a new trial and/or release from incarceration.

_____

_____

or any other relief to which petitioner may be entitled.

_____
                                    Signature of Attorney (if any)
GEORGE HARPER
14744 MAIN ST UPPER MARLBORO MD
20772   301-627-2700

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on   7/30/19        (month, date, year).

Executed (signed) on      7/30/19     (date).

_____
                                    Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____