IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUAN DIAZ, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PX-19-2212 |
| WARDEN FRANK BISHOP, | * | |
| Respondent. | * | |
| | *** | |

## MEMORANDUM OPINION

Juan Diaz, currently incarcerated at the North Branch Correctional Institution in Cumberland, Maryland, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). ECF No. 1. Diaz is serving an 80-year sentence for raping his stepdaughter who was eleven-years old at the time of the offenses. ECF No. 1-1 at 3, 11. Diaz' wife was tried with him as an accessory-after-the-fact for pressuring her daughter to change her statements to the police and exculpate Diaz. *Id.* at 3. Diaz now seeks to overturn his conviction on the grounds that his trial attorney had provided ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution. ECF No. 1.

Respondent urges this Court to deny the Petition because it is untimely filed. ECF No. 7. The matter is fully briefed and no hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; D. Md. Loc. R. 105.6; *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Court dismisses the Petition as untimely and declines to issue a certificate of appealability.

**I.     Background**

Petitioner Juan Diaz was convicted following a jury trial in the Circuit Court for Montgomery County, Maryland in February 2011 on charges of child abuse, sex offense in the second and third degree, attempted sexual offense in the second degree, and rape in the second degree.  ECF No. 1-1 at 3.  Diaz appealed his conviction to the Maryland Court of Special Appeals, which affirmed the judgment on December 7, 2012.  ECF No. 1 at 2.  Diaz next petitioned for certiorari to the Maryland Court of Appeals, which declined to review his case on March 25, 2013.  ECF No. 7-1 at 31.

While his direct appeal was pending, Diaz moved for reconsideration of his sentence under Maryland Rule 4-345(e) and filed a separate motion for review of his sentence by a three-judge panel.  ECF No. 7-1 at 18.  The panel left Diaz' sentence in place and his motion for reconsideration was held in abeyance.  *Id.* at 18, 20.  On March 18, 2016, the motion for reconsideration expired by operation of law, resulting in no modification to Diaz' sentence.  *See* Md. Rule 4-345(e) (A court "may not revise the sentence after the expiration of five years from the date the sentence originally was imposed").[1]

On April 20, 2016, Diaz filed his first postconviction petition under Maryland's Uniform Postconviction Procedure Act in the Circuit Court for Montgomery County, Maryland.  ECF No. 1 at 3.  In that petition, Diaz argued that trial counsel had rendered ineffective assistance based on eighteen separate claimed errors.  ECF Nos. 1 at 3; 1-1 at 3–4.  After an evidentiary hearing, the Circuit Court (the "postconviction court") decided that none of Diaz' claims, alone or together, amounted to deprivation of constitutionally adequate counsel and denied postconviction relief on September 22, 2017.  *See* ECF Nos. 1-1 at 3–18, 1 at 3–4.  Diaz sought leave to appeal

---

[1]     In 2004, the Maryland Court of Appeals adopted the five-year limit on a sentencing court's revisory power.  *See State v. Schlick*, 465 Md. 566, 575 (2019).

2

the denial to the Maryland Court of Special Appeals, which was denied on April 3, 2018.  ECF No. 1-2.  Diaz petitioned the Maryland Court of Appeals for a writ of certiorari which was denied on July 31, 2018.  ECF No. 1-3.

On July 30, 2019, Diaz filed his Petition with this Court.  He maintains that he had been denied effective assistance of counsel albeit on narrower grounds than those he had pressed before the postconviction court.  ECF No. 1.  Diaz faults his trial counsel for failing to (1) move to sever his trial from his codefendant's; (2) advise Diaz that he had the right to testify in his own defense (3) object to other crimes evidence; and (4) introduce the victim's letter in which she recanted her previous statements detailing Diaz' abuse.  ECF No. 1 at 5–10.

Respondent does not address the merits of Diaz' claims.  Rather Respondent argues solely that the Petition is time barred.  ECF No. 7.  Diaz concedes that his Petition was untimely, but argues that the Court should equitably toll the filing deadline and reach the merits of the Petition.  ECF No. 9.  For the following reasons, the Court finds that Diaz has not demonstrated any legitimate grounds to toll the time to file his Petition.

## II. Discussion

28 U.S.C. § 2244(d)(1) sets a one-year time limitation for seeking a writ of habeas corpus "pursuant to the judgment of a State court."  Pertinent to this Petition, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  28 U.S.C. § 2244(d)(2), however, expressly excludes from that one-year calculation "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending . . . ."

Pursuant to section 2244(d)(2), two periods must be excluded from Diaz' time to file his federal petition. The first relates to his pending motion for reconsideration of sentence. Although Diaz' conviction became final on June 23, 2013, he had, prior to that time, filed his motion for sentence reconsideration. This motion remained pending for five years, expiring on March 18, 2016. Accordingly, the time up to and including March 18, 2016 must be tolled. *See* 28 U.S.C. § 2244(d)(2); *Mitchell v. Green*, 922 F.3d 187, 195 (4th Cir. 2019) (holding that a motion for review under Maryland Rule 4-345(e) may toll the limitations period).

The second basis for statutory tolling involves Diaz' motion for postconviction relief. Diaz filed that motion on April 20, 2016. Although neither party disputes that the time during which the postconviction motion is pending must be excluded from the one-year limitation period, they dispute how to calculate the excluded period. Respondent argues that the period is tolled only until the Court of Special Appeals denied Diaz leave to appeal the denial of his postconviction petition. ECF No. 7 at 10–11. Diaz, on the other hand, argues that the limitations period was tolled through the Court of Appeals' denial of certiorari. ECF No. 9 at 1; *see* ECF No. 7 at 13–14. Accordingly, the Respondent maintains that the Petition was filed 121 days late where Diaz urges it is a mere 32 days overdue. ECF Nos. 7 at 8–13; 9 at 1.

Regardless, the Petition is untimely. Thus, it must be denied and dismissed unless Diaz can demonstrate his particular circumstances warrant the Court to equitably toll the time to file his Petition. Equitable tolling may apply in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a petitioner must establish that delay in filing the petition resulted from respondents' wrongful conduct or

other extraordinary circumstances beyond petitioner's control.  *See Harris*, 209 F.3d at 330.  "[A]ny resort to equity must be reserved for those rare instances where . . . gross injustice would result" absent the Court's intervention.  *Id*.

In somewhat contradictory terms, Diaz appears to argue that the Petition was untimely filed because he is incarcerated and, without funds to hire counsel, he "entrusted his federal Habeas Corpus Petition to his family *and to his counsel*."  ECF No. 9 at 2 (emphasis added).  The Court assumes that by this, Diaz means that his incarceration and some unstated actions by his counsel kept him from timely filing the Petition.  *Id.*  Even if true, the fact of incarceration, standing alone, cannot equitably toll the filing deadline.  If it could, equitable tolling would be available to every incarcerated petitioner and the rare judicial remedy would swallow the Congressionally proscribed statute of limitations.  *See, e.g.*, *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001) (declining to apply equitable tolling where petitioner was incarcerated and thus "unable to demand better representation from counsel"); *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life . . . do not by themselves qualify as extraordinary circumstances.").  As to Diaz' suggestion that his counsel is to blame for his untimely filing, negligence by counsel generally "does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding."  *Harris*, 209 F. 3d at 331.  *See also Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (counsel's misinterpretation of statute not extraordinary).  This is because, as the United States Supreme Court has explained, "a garden variety claim of excusable neglect . . . does not warrant equitable tolling."  *Holland v. Florida*, 560 U.S. 631, 651 (2010) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (2010)).  In short, none of

Diaz' claimed grounds for delay rise to the level of extraordinary circumstances sufficient to trigger equitable tolling.

Diaz separately argues that time to file must be equitably tolled because he is actually innocent of the crimes for which he now is serving his lengthy prison sentence. ECF No. 9 at 3. Diaz contends that the purported recantation letter from the victim amounts to new evidence reflecting as much. The Court disagrees with Diaz.

"[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Thus, the Court may reach Diaz' claims if *new evidence* demonstrates that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Examples of the types of "new reliable evidence" which may establish actual innocence include "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Finch v. McKoy*, 914 F.3d 292, 298–99 (4th Cir. 2019) (citing *Schlup*, 513 U.S. at 324). An actual innocence finding "requires a holistic judgment about all the evidence and its likely effect on reasonable jurors applying the reasonable-doubt standard." *House v. Bell*, 547 U.S. 518, 539 (2006) (citing *Schlup*, 513 U.S. at 328). "The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *Id.* at 538.

This supposed recantation letter alone does not suffice to demonstrate that Diaz is actually innocent. First, the letter is not new evidence. ECF No. 1-1 at 3–4. Rather, Diaz' trial counsel knew of the letter and strategically chose not to introduce it at trial. *Id.*; ECF No. 1-1 at 12. *See Goldblum v. Klem*, 510 F.3d 204, 226, n.14 (3d Cir. 2007) (citing *Hubbard v. Pinchak*,

378 F.3d 333, 340 (3d Cir. 2004)).  On this basis alone, Diaz cannot sustain an actual innocence claim because the evidence was amply available to him at trial.

Second, even *if* the letter were newly discovered, it at best is of questionable reliability. The victim was eleven at the time of the offense, and the nature and character of the letter suggested that she had not written it.  ECF No. 1-1 at 12.  Further, even assuming the victim had written the letter, once she testified consistently with Diaz' having abused her, the letter's value in this context amounted to another avenue to impeach her.  But trial counsel already strategically had taken that tack by eliciting that the victim had recanted.  *Id.*  Thus, this Court agrees with the post-conviction court that once the jury knew that the victim had recanted, "there was no need to introduce th[e] letter." *Id.*  Put differently, the letter was at best cumulative and marginally useful in impeaching her.  Given this, the Court cannot conclude that a reasonable jury would have viewed the letter as "true" to such an extent that this Court's confidence in the verdict is hopelessly undermined.  *See Perkins*, 569 U.S. at 401 (an actual innocence claim is available where "a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial . . . .").  Diaz is not entitled to equitable tolling.  The Petition is untimely and must be dismissed.

### III.   Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Diaz has not demonstrated that a

certificate of appealability is warranted, and so the Court shall not issue it. Diaz may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## IV. Conclusion

For the foregoing reasons, Diaz' petition for a writ of habeas corpus is DENIED.

A separate order follows.

    4/6/2021                                                                /S/
Date                                                                         Paula Xinis
                                                                             United States District Judge